## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOAN OZIER,<br><br>　　　Plaintiff,<br><br>v.<br><br>STARR INDEMINITY & LIABILITY COMPANY, AAA FREIGHT, INC., AAA EQUIPMENT, LLC, AAA HOLDING GROUP, LLC and JOVANOVIC BRANKO, an individual,<br><br>　　　Defendants. | CIVIL ACTION FILE<br>NO.: _____ |

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Joan Ozier in the above-styled action and hereby files this Complaint as follows:

### 1.

Plaintiff Joan Ozier (hereinafter "Ozier" or "Plaintiff") is a Florida citizen who submits to the jurisdiction of this Court.

### 2.

Defendant Starr Indemnity & Liability Company (hereinafter "Defendant Starr") is a foreign for-profit corporation organized under the laws of the State of New York and with its principal place of business in the State of New York.

Defendant Starr is registered to do business in Georgia and may be served with process by service upon its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046.

3.

Defendant Starr has been properly served with process in this action.

4.

Defendant AAA Freight, Inc. is a foreign for-profit corporation organized under the laws of the State of Illinois and with its principal place of business in the State of Illinois. Defendant AAA Freight, Inc. may be served with process by service upon its registered agent, Antonije Keljevic, 6835 Willow Springs Road, Countryside, Illinois 60525.

5.

Defendant AAA Freight, Inc. has been properly served with process in this action.

6.

Defendant AAA Equipment, LLC is a foreign limited liability company organized under the laws of the State of Illinois and with its principal place of business in the State of Illinois. Upon information and belief, all the members of Defendant AAA Equipment, LLC are citizens of the State of Illinois. Thus,

Defendant AAA Equipment, LLC is a citizen of Illinois.  Defendant AAA Equipment, LLC may be served with process by service upon its registered agent, Antonije Keljevic, 6835 Willow Springs Road, Countryside, Illinois 60525.

7.

Defendant AAA Equipment, LLC has been properly served with process in this action.

8.

Defendant AAA Holding Group, LLC is a foreign limited liability company organized under the laws of the State of Illinois and with its principal place of business in the State of Illinois. Upon information and belief, all the members of Defendant AAA Holding Group, LLC are citizens of the State of Illinois.  Thus, Defendant AAA Holding Group, LLC is a citizen of Illinois.  Defendant AAA Holding Group, LLC may be served with process by service upon its registered agent, Antonije Keljevic, 6835 Willow Springs Road, Countryside, Illinois 60525.

9.

Defendant AAA Holding Group, LLC has been properly served with process in this action.

10.

Defendant Jovanovic Branko ("Defendant Branko") is an individual who

resides in the State of Illinois.  He may be served at his place of residence located at 8047 45th Place, Lyons, Illinois 60534.

11.

Defendant Branko has been properly served with sufficient process in this action.

12.

At the time of the subject collision ("Subject Collision") that occurred on June 22, 2018 in Henry County, Georgia, Defendant Starr provided a policy of liability insurance on behalf of Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC (Policy No. 10000722418).  The policy was in effect on June 22, 2018.

13.

Defendant Starr is subject to suit by direct action pursuant to Georgia's direct action statute O.C.G.A. § 40-1-112 or 40-2-140.

14.

This Court has personal jurisdiction over Defendants because they transact business within the State of Georgia, and caused a tortious injury in the state of Georgia.

15.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1) as more than $75,000.00 is in controversy and there is complete diversity of citizenship.

16.

In accordance with 28 U.S.C. § 1391 (b)(2) venue is proper in the Northern District of Georgia, Atlanta Division as a substantial parts of the events or omissions giving rise to the claim occurred in the Northern District of Georgia, Atlanta Division.  Specifically, the Subject Collision occurred in Henry County, Georgia. Further, Defendants transact business in the Northern District of Georgia, Atlanta Division and the wreck occurred in Henry County and are subject to personal jurisdiction in the Northern District of Georgia, Atlanta Division.

17.

On June 22, 2018, Defendant Branko was driving north on Interstate 75 in Henry County, Georgia.  Defendant Branko was driving a tractor-trailer owned by Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC.

18.

At the time of the Subject Collision, Defendant Branko was an employee or

agent driver of Defendants AAA Freight, Inc., AAA Equipment, LLC and/or Defendant AAA Holding Group, LLC.

19.

At the time of the Subject Collision, Plaintiff was driving north on Interstate 75 in Henry County, Georgia directly in front of Defendant Branko. Plaintiff was pulling a recreational vehicle behind her vehicle.

20.

Plaintiff slowed her vehicle due to slowing traffic.

21.

Defendant Branko, driving a heavy tractor-trailer, was following too closely to Plaintiff's vehicle and was not paying adequate attention to the traffic ahead. Defendant Branko slammed into the back of the recreational vehicle being towed by Plaintiff, causing Plaintiff to lose control of her vehicle and the recreation vehicle. Plaintiff's vehicle traveled to the right, left the roadway and struck an embankment.

22.

Plaintiff sustained serious and permanent personal injuries as a result of the Subject Collision.

23.

Defendant Branko was negligent in operating the tractor-trailer.

24.

Defendant Branko's negligence includes, but is not limited to, one or more of the following: negligently following too closely; negligently driving too fast under the conditions; distracted driving; inattentiveness; negligently causing a collision in the roadway; negligently failing to maintain his vehicle under proper control; negligently failing to keep a proper lookout; negligently failing to use or sound a signal or warning; negligently failing to make timely and proper application of brakes; and any other acts of negligence that may be proven at trial.

25.

Defendant Branko was negligent *per se* in following too closely pursuant to O.C.G.A. § 40-6-49.

26.

Defendant Branko failed to operate the tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

27.

Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC are directly and vicariously liable for Defendant Branko's failure to exercise due care.

28.

Plaintiff acted with reasonable care under the conditions and circumstances then existing.

29.

At all relevant times, Defendant Branko was acting at the direction and under the control of Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC.

30.

At all relevant times, Defendant Branko was operating the tractor-trailer in the course and scope of his employment with and with the permission of Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC.

31.

At all relevant times, Defendant Branko was operating a tractor-trailer owned, leased, operated, and/or maintained by Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC.

32.

At all relevant times, the tractor-trailer operated by Defendant Branko, and leased, operated, and/or maintained by Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC, was insured by Defendant Starr

Indemnity & Liability Company.

33.

Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC are liable for the actions and omissions of Defendant Branko through *respondeat superior* and agency principles because, at all relevant times, Defendant Branko was acting within the course and scope of his employment and/or agency.

34.

Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC negligently hired, supervised, trained, and/or retained Defendant Branko and the employees with supervisory responsibility over Defendant Branko.

35.

Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC negligently entrusted driving responsibilities of a tractor-trailer to Defendant Branko.

36.

Defendants AAA Freight, Inc., AAA Equipment, LLC and/or AAA Holding Group, LLC negligently failed to implement and utilize proper procedures to evaluate Defendant Branko's skills and expertise for the operation of said tractor-trailer.

37.

Defendant Starr is liable for Defendants AAA Freight, Inc., AAA Equipment, LLC, AAA Holding Group, LLC and/or Branko's negligence and failure to adhere to applicable laws and regulations pursuant to Georgia's direct action statute.

38.

Defendants were and are negligent *per se*.

39.

Each of the foregoing acts and omissions constitutes an independent act of negligence.

40.

Plaintiff sustained serious and permanent injuries as a result of this wreck.

41.

Defendants directly and proximately caused Plaintiff's injuries through one or more of the negligent acts or omissions stated above. Therefore, Defendants are directly and/or vicariously liable for Plaintiff's injuries that resulted from this wreck.

42.

Plaintiff is entitled to recover all elements of damages allowed under applicable law and supported by the evidence, including but not limited to:

a)  Personal injuries;

b) All elements of past, present and future pain and suffering, both mental and physical;

c) For lost wages and loss of earning capacity in an amount for the past, present, and future which will be proven at the time of trial through the evidence;

d) Permanent injury; and

e) Past and future medical and incidental expenses.

43.

Upon information and belief, Defendants knowingly operated the tractor-trailer involved in the Subject Collision in an unsafe condition and in violation of the Federal Motor Carrier Safety Regulations ("FMCSR"). By operating the tractor-trailer in an unsafe condition and in violation of the FMCSR, Defendants exhibited a conscious disregard for the consequences of their actions and a reckless indifference toward the rights of others, including Plaintiff, and Plaintiff is entitled to an award of punitive damages.

44.

Additionally, Plaintiff is entitled to an award of punitive damages because Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care, which would raise the presumption of conscious

indifference to consequences and/or a specific intent to cause harm as defined by O.C.G.A. § 51-12-5.1.

45.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiff prays that:

a)   Process issue as provided by law;

b)   Plaintiff have a trial by jury;

c)   Plaintiff be awarded actual damages in amounts to be shown at trial from Defendants;

d)   Plaintiff be awarded all general, special, compensatory, economic, punitive, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

e)   Plaintiff be awarded attorney's fees and costs of litigation to the extent Defendants are stubbornly litigious or act in bad faith, *See* O.C.G.A. §

13-6-11;

f)      Plaintiff has such other relief as this Court deems just and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

This 21st day of November, 2019.

Respectfully submitted,

**SHIVER HAMILTON, LLC**

*/s/ Daniel C. Beer*
Jeff P. Shiver
Georgia Bar No. 001303
Daniel C. Beer
Georgia Bar No. 200758
***Attorneys for Plaintiff***

**SHIVER HAMILTON, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
P: (404) 593-0020
F: (888) 501-9536
jeff@shiverhamilton.com
daniel@shiverhamilton.com